| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION |

| | | |
|---|---|---|
| ROGELIO ALVARADO, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff(s)*, | § § | |
| v. | § § | No. _____ |
| SEYAH, LTD. d/b/a CONNECTONE SMART HOME f/k/a CONNECTONESECURITY.COM, | § § § § | |
| *Defendant(s)*. | § § | |

### PLAINTIFF ROGELIO ALVARADO'S ORIGINAL COMPLAINT

Plaintiff Rogelio Alvarado (referred to as "Alvarado") brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Defendant Seyah, Ltd. d/b/a ConnectOne Smart Home f/k/a ConnectOneSecurity.com (referred to as "Seyah") who were paid on a job-rate basis without overtime during the past three years to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. Alvarado's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Seyah violated the FLSA by employing Alvarado and other similarly situated employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Seyah willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

6. Alvarado brings this action under 29 U.S.C. § 216(b) individually and on behalf of all current and former employees of Seyah who were paid on a job-rate basis without overtime during the past three years.

## II. Jurisdiction & Venue

7. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

8.  Venue is proper in this district and division because Seyah resides in this district and division. 28 U.S.C. § 1391(b)(1).

### III.  Parties

9.  Alvarado is an individual who resides in Harris County, Texas and who was employed by Seyah during the last three years.

10. Seyah is a Texas limited partnership that may be served with process by serving its registered agent:

> F. Wayne Hayes
> 10750 Hammerly Boulevard, Suite 100
> Houston, Texas 77043-2317

Alternatively, if the registered agent of Seyah cannot with reasonable diligence be found at the company's registered office, Seyah may be served with process by serving the Texas Secretary of State. *See*, Tex. Bus. Org. Code §§ 5.251-5.254; *see also*, Tex. Civ. Prac. & Rem. Code § 17.026.

11. An allegation that Seyah committed any act or omission should be construed to mean the company's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Seyah or was done in the normal course and scope of employment of Seyah's officers, directors, vice-principals, agents, servants or employees.

## IV. Facts

12. Seyah is a security services company.

13. Seyah does business in the territorial jurisdiction of this Court.

14. Seyah employed Alvarado from 2000 to June 2020.

15. Seyah employed Alvarado as an alarm technician.

16. As an alarm technician, Alvarado was responsible for installing and servicing alarm systems.

17. During Alvarado's employment with Seyah, he was engaged in commerce or in the productions of goods for commerce.

18. During Alvarado's employment with Seyah, the company had employees engaged in commerce or in the production of goods for commerce.

19. During Alvarado's employment with Seyah, the company had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

20. During Alvarado's employment with Seyah, the company had an annual gross volume of sales made or business done of at least $500,000.

21. Seyah paid Alvarado on job-rate basis.

22. Seyah paid Alvarado on a biweekly basis by direct deposit.

23. During Alvarado's employment with Seyah, he regularly worked in excess of forty hours per week.

24. Seyah knew or should have known that Alvarado worked in excess of forty hours per week.

25. Seyah did not pay Alvarado for the hours he worked in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he [was] employed." 29 U.S.C. § 207(a)(1).

26. Instead, Seyah paid Alvarado on a job-rate basis without overtime.

27. Alvarado was not exempt from the maximum hour requirements of the FLSA.

28. As an alarm technician, Alvarado's primary duties were nonexempt.

29. As an alarm technician, Alvarado's primary duties did not include office or nonmanual work.

30. As an alarm technician, Alvarado's primary duties were not directly related to the management or general business operations of Seyah or its customers.

31. As an alarm technician, Alvarado's primary duties did not differ substantially from the duties of traditionally nonexempt hourly workers.

32. As an alarm technician, Alvarado did not, in performing his primary duties, regularly exercise discretion and independent judgment with respect to matters of significance.

33. As an alarm technician, Alvarado was, instead, required to follow Seyah's policies, practices and procedures.

34. As an alarm technician, Alvarado did not have any independent authority to deviate from Seyah's policies, practices and procedures.

35. Seyah knew or should have known that Alvarado was not exempt from the maximum hour requirements of the FLSA.

36. Seyah willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

37. During Alvarado's employment with Seyah, the company did not maintain accurate time and pay records for Alvarado as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

38. During Alvarado's employment with Seyah, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

39. Seyah continued the pay practice(s) complained of by Alvarado without investigation after being put on notice that the pay practice(s) violated the FLSA.

40. Seyah has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

41. Prior to this lawsuit, Seyah conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Alvarado.

42. Because Seyah willfully violated the FLSA, the company is liable to Alvarado for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

43. As a result of the FLSA violation(s) described above, Seyah is liable to Alvarado for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

44. All workers paid on a job-rate basis without overtime employed by Seyah during the last three years are similarly situated to Alvarado because they (1) have similar job duties; (2) regularly worked or work in excess of forty hours per week; (3) were or are not paid overtime for the hours they worked or work in excess of forty per week as required by 29 U.S.C. § 207(a)(1); and (4) are entitled to recover back wages, liquidated damages and attorney's fees and costs from Seyah under 29 U.S.C. § 216(b).

### V.  Count One—
### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

45. Alvarado adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

46. During Alvarado's employment with Seyah, he was a nonexempt employee.

47. As a nonexempt employee, Seyah was legally obligated to pay Alvarado "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

48. Seyah did not pay Alvarado "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

49. Instead, Seyah paid Alvarado on a job-rate basis without overtime.

50. If Seyah classified Alvarado as exempt from the maximum hour requirements of the FLSA, he was misclassified.

51. As a result of the FLSA violation(s) described above, Seyah is liable to Alvarado for back wages equal to the difference between what the company should have paid and what it actually paid.

### VI. Count Two— Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

52. Alvarado adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Seyah willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

54. During Alvarado's employment with Seyah, the company did not maintain accurate time and pay records for Alvarado as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

55. During Alvarado's employment with Seyah, the company did not post and keep posted the notice required by 29 C.F.R. § 516.4.

56. Seyah continued the pay practice(s) complained of by Alvarado without investigation after being put on notice that the pay practice(s) violated the FLSA.

57. Seyah has a history of FLSA violations that put the company on actual notice of the requirements of the FLSA.

58. Prior to this lawsuit, Seyah conducted on or more internal investigations which revealed violations similar to the one(s) complained of by Alvarado.

59. Because Seyah willfully violated the FLSA, the company is liable to Alvarado for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## VII. Count Three—
### Collective Action Allegations Under 29 U.S.C. § 216(b)

60. Alvarado adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

61. On information and belief, other employees of Seyah have been victimized by the FLSA violation(s) described above.

62. These employees are similarly situated to Alvarado because, during the relevant time period, they held similar positions and were compensated in a similar manner, which, as explained above, violates the FLSA.

63. Seyah's unlawful policies or practices, which are described above, are generally applicable policies or practices and do not depend on the personal circumstances of the putative class members.

64. Since Alvarado's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate. *See*, 29 U.S.C. § 216(b).

65. For these reasons, Alvarado requests that the Court certify this case as a collective action under 29 U.S.C. § 216(b) and authorize notice regarding its pendency and the right to join it to the following class:

> All workers employed by Seyah during the last three years at any location in the United States who worked more than forty hours in any one or more workweeks and who were paid on a job-rate basis without overtime.

66. Seyah is liable to Alvarado and the putative class members for back wages equal to the difference between what the company should have paid and what it actually paid.

67. Alvarado has retained counsel who are well-versed FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII. Count Four—
**Liquidated Damages, Attorney's Fees & Costs Under 29 U.S.C. § 216(b)**

68. Alvarado adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

69. Alvarado is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

70. Alvarado is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

71. Alvarado has retained the professional services of the undersigned attorneys.

72. Alvarado has complied with the conditions precedent to recovering attorney's fees and costs.

73. Alvarado has incurred or may incur attorney's fees and costs in bringing this lawsuit.

74. The attorney's fees and costs incurred or that may be incurred by Alvarado were or are reasonable and necessary.

75. Seyah is liable to Alvarado and the putative class members for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## IX.  Relief Sought

76.  Alvarado demands the following relief:

   a. an order allowing this action to proceed as a collective action under 29 U.S.C. § 216(b);

   b. an incentive award for Alvarado for serving as class representative if the Court allows this action to proceed as a collective action under 29 U.S.C. § 216(b);

   c. judgment against Seyah in Alvarado's favor both individually and on behalf of the putative class members for back wages, liquidated damages and attorney's fees, plus interest and costs; and

   d. all other relief and sums that may be adjudged against Seyah in Alvarado's favor both individually and on behalf of the putative class members.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

By: _____
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar No. 3487389
renu@mooreandassociates.net